**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. GOSNELL, | No. 11-17026 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-01399-NVW |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 15, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and DUFFY, District
Judge.[**]

Taxpayer Robert Gosnell appeals from the district court's grant of summary

judgment to the government in his tax refund suit. He argues that adjustments the

Internal Revenue Service (IRS) made to his tax liability were improperly assessed

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

directly against him without a notice of deficiency, depriving him of the deficiency proceedings to which he claims he was entitled. The IRS's direct assessment of taxes was unlawful, Gosnell maintains, because the assessment involved a "computational adjustment" requiring additional "partner level determinations," making the statutory provision for direct assessment of computational adjustments inapplicable. 26 U.S.C. § 6230(a)(1), (a)(2)(A)(i); *see also* Temp. Treas. Reg. § 301.6231(a)(6)-1T(a).

We disagree. Gosnell's tax benefits from the sham Son-of-BOSS transaction flowed both from the foreign currency exchange and from the transfer in lieu of foreclosure of the resort. This complex transaction involved partnerships in a multi-tiered structure, and we acknowledge that the IRS conducted partnership-level proceedings only for Acquisitions, the top-tier partnership. Yet despite the transaction's complexity, no "partner level determinations" were required to compute Gosnell's proportionate share of the improper tax benefits because he stipulated to the precise amounts in question. *See Napoliello v. C.I.R.*, 655 F.3d 1060, 1064 (9th Cir. 2011). As a result, the IRS was able to directly assess Gosnell's tax liability "with mathematical accuracy" by examining his returns, striking out tax benefits he conceded were related to the disallowed Son-of-BOSS transaction, and then re-computing his tax liability. *See Olson v. United*

2

*States*, 172 F.3d 1311, 1317–18 (Fed. Cir. 1999). No "individualized factual determination" regarding the "correctness of the originally declared figures or any other factual matter such as the state of mind of the taxpayer upon filing" was required. *Id.* at 1318; *see also Bush v. United States*, 655 F.3d 1323, 1333–34 (Fed. Cir. 2011).

We also reject Gosnell's argument that the IRS was required to issue a notice of deficiency before assessing penalties against him. The Taxpayer Relief Act of 1997, Pub. L. No. 105-34, amended 26 U.S.C. § 6221 to require the IRS to determine the applicability of penalties in partnership-level proceedings (rather than individual partner-level proceedings) when the penalties relate to the adjustment of partnership items. Once such proceedings have concluded, the IRS may directly assess an individual partner's share of the penalties without following ordinary deficiency procedures. *See* 26 U.S.C. § 6230(a)(2)(A)(i). Here, the IRS conducted partnership-level proceedings for Acquisitions and found that penalties were applicable because the entire Son-of-BOSS transaction was a sham. Under the Treasury Department's regulations, it was proper for the IRS to directly assess Gosnell's share of the penalties as a computational adjustment without following deficiency procedures, regardless of whether partner-level determinations were

required to do so. *See* Treas. Reg. § 301.6231(a)(6)-1(a)(3); Temp. Treas. Reg.

§ 301.6231(a)(6)-1T(a)(2).

**AFFIRMED.**